UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-29-TAV-JEM |
| MONTAZE DWANNE ARMSTRONG, JR., CHRISTOPHER MAC DEZARN, and PRESTON CODY MCMURRAY | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on the Defendant Montaze D. Armstrong, Jr.'s Motion to Continue Trial Date and Plea Deadline [Doc. 52], filed on October 20, 2025.

Defendant requests the Court to continue the plea deadline, set for October 20, 2025, and the trial date, set for November 18, 2025 [*Id.*]. In support of the motion, Defendant states his counsel has been involved in a good faith effort to resolve his case [*Id.* ¶ 1]. Despite due diligence, additional time is needed for Defendant's counsel to further communicate with Defendant, discuss factual and legal issues, and confer with the Government regarding a potential resolution in this matter [*Id.*]. Additionally, Defendant's counsel needs the additional time to communicate with Defendant because Defendant is remotely detained in London, Kentucky [*Id.*]. Defendant's motion reflects that counsel for the Government does not oppose the requested continuance [*Id.* ¶ 4]. Defendant understands that the period between the filing of the motion for continuance and a rescheduled court date will be fully excludable for speedy trial purposes [*Id.* ¶ 3].

Codefendant Christopher Mac Dezarn filed a notice of no objection to the proposed continuance, as he has already signed a plea agreement [Doc. 57 p. 1]. Codefendant Dezarn noted he was aware of any speedy trial issue [*Id.*]. Codefendant Preston McMurray also filed a notice of no objection to the motion to continue and his counsel waived his rights allotted to him under the Speedy Trial Act [Doc. 58 p. 1].

Based upon the information in Defendant's motion and because the Government and codefendants do not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that failing to grant a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, taking into account the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Defendant's counsel needs more time to communicate with Defendant, discuss factual and legal issues, confer with the Government regarding a potential resolution, and otherwise prepare for trial. The Court finds that all of this cannot occur before the November 18, 2025 trial date.

The Court therefore **GRANTS** Defendant Montaze D. Armstrong Jr.'s Motion to Continue Trial Date and Plea Deadline [**Doc. 52**]. The trial of this case is reset to **March 31, 2026.** A new, comprehensive trial schedule is included below. Because the Court finds that the ends of justice are served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the motion on October 20, 2025, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(1)(H), & (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Montaze D. Armstrong Jr.'s Motion to Continue Trial Date and Plea Deadline [**Doc. 52**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **March 31, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **October 20, 2025**, and the new trial date of **March 31, 2026,** is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **February 27, 2026**;

(5) the deadline for filing motions *in limine* is **March 16, 2026**, and responses to motions *in limine* are due on or before **March 24, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **March 17, 2026, at 11:30 a.m.,** and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **March 20, 2026.**

**IT IS SO ORDERED.**

ENTER:

*/s/ Jill E. McCook*
Jill E. McCook
United States Magistrate Judge