UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 3:25-CR-29-TAV-JEM |
| MONTAZE DWANNE ARMSTRONG, | ) ) | |
| Defendant. | ) ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Montaze Dwanne Armstrong's Motion to Continue Trial Date and Plea Deadline [Doc. 70], which he filed on February 26, 2026.

Defendant asks the Court to continue the current trial date, which is set for March 31, 2026, as well as all relevant deadlines [*Id.*]. In support of his motion, Defendant states that his counsel has been involved in a good faith effort to resolve his case, but despite due diligence, additional time will be required to further communicate with his counsel and confer with the Government regarding a potential resolution in the matter [*Id.* ¶ 1]. Defendant represents that the parties maintain active plea negotiations, with the hope that the matter will resolve short of trial and that they believe that a continuance in this matter will reserve limited judicial time and resources [*Id.*]. Defendant's counsel has explained the right to a speedy trial to Defendant, who is currently in custody pending trial, and he understands that the period of time between the filing of this motion for continuance and a rescheduled court date will be fully excludable for speedy trial purposes. [*Id.* ¶ 3]. The Government has no opposition to the proposed continuance [*Id.* ¶ 4].

Based upon the information contained in the motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweighs the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendant needs time to communicate with Defendant, confer with the Government regarding a potential resolution, and if that is not successful, otherwise prepare for trial. The Court finds that all of this cannot occur before the March 31, 2026 trial date.

The Court therefore **GRANTS** Defendant Montaze Dwanne Armstrong's Motion to Continue Trial Date and Plea Deadline [**Doc. 70**]. The trial of this case is reset to **July 7, 2026**. A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the initial motion on February 26, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Montaze Dwanne Armstrong's Motion to Continue Trial Date and Plea Deadline [**Doc. 70**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **July 7, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **February 26, 2026**, and the new trial date of **July 7, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **June 5, 2026**;

(5) the deadline for filing motions *in limine* is **June 22, 2026**, and responses to motions *in limine* are due on or before **June 30, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **June 23, 2026, at 1:00 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 26, 2026**.

**IT IS SO ORDERED.**

ENTER:

_____
Jill E. McCook
United States Magistrate Judge

3

Case 3:25-cr-00029-TAV-JEM    Document 72    Filed 03/05/26    Page 3 of 3    PageID #: 263